## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

BIANCA SCARBROUGH,　　　　　)　　Case No. 1:21-cv-1865
NICHOLE MOSLEY, and TAYLOR　)
MATTHEWS,　　　　　　　　　 )　　Judge J. Philip Calabrese
　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　 )
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
MOTIVATED AND EMPOWERED,　 )
INC., *et al.*,　　　　　　　　　 )
　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　)
　　　　　　　　　　　　　　　)

## OPINION AND ORDER

On February 2, 2022, Plaintiffs Bianca Scarbrough, Nichole Mosley, and Taylor Matthews moved for default judgment against Defendants Motivated and Empowered Inc., and Bianca Crawford. (ECF No. 13.) Plaintiffs seek unpaid wages and liquidated damages under the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act. For the following reasons, the Court **GRANTS** Plaintiffs' motion for default judgment and **AWARDS** Plaintiffs $9,300 in damages.

## BACKGROUND

On September 30, 2021, Plaintiffs Bianca Scarbrough, Nichole Mosley, and Taylor Matthews sued their former employer, Motivated and Empowered, Inc. and Bianca Crawford, for alleged violations of the Fair Labor Standards Act. (ECF No. 1.) Specifically, Plaintiffs alleged that Defendants failed to pay them for all the hours they worked. (ECF No. 1, ¶ 1, PageID #1.) Plaintiff Scarbrough asserts Defendants

refused to pay her for the 58 hours of work performed at a rate of $17.50 per hour. (*Id.*, ¶¶ 27, 30, PageID #5.)  Plaintiff Mosely asserts Defendants refused to pay her for the 50 hours of work performed at a rate of $16.50 per hour.  (*Id.*, ¶¶ 36, 38, PageID #6.)  Likewise, Plaintiff Matthews asserts Defendants failed to compensate her for 72 hours of work performed at a rate of $17.50 per hour.  (*Id.*, ¶¶ 45, 46, PageID #7.)

Plaintiffs served Defendants on November 10, 2021 (ECF No. 6; ECF No. 7.)  Defendants failed to respond to Plaintiffs' complaint.  The clerk noted Defendants' default on January 19, 2022.  (ECF No. 12.)  In response to Plaintiffs' motion for default judgement (ECF No. 13), Defendants have not responded to Plaintiffs' complaint or their motion for default judgment.  Nor have they taken any other action.

## ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgments.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).

After default has been entered under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b).  "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."  Fed. R. Civ. P. 8(b)(6). In other words, a default upon well-pleaded allegations establishes the defendant's liability, but the plaintiff

bears the burden of establishing damages. *Flynn v. People's Choice Home Loan, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). "Where damages are unliquidated a default admits only the defendant's liability and the amount of damages must be proved." *Antione*, 66 F.3d at 110.

## I.  Liability

### I.A.  Joint and Several Liability

First, the Court must determine whether both Ms. Crawford and the Company are Plaintiffs' employers under the FLSA and, therefore, liable under the Act. The Sixth Circuit uses the "economic reality" test to determine "whether a person is an 'employer' responsible for FLSA obligations." *U.S. Dep't of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 778 (6th Cir. 1995) (quoting *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994)). Under this test, "a corporate officer who has operational control of the corporation's covered enterprise is an employer under FLSA, along with the corporation itself." *Id.* at 778. For instance, "one who is the chief executive officer of a corporation, has a significant ownership interest in it, controls significant functions of the business, and determines salaries and makes hiring decisions has operational control and qualifies as an 'employer' for the purposes of FLSA." *Id.*

Under the law of this Circuit, without question, both Defendants have liability. The Company was Plaintiffs' employer, and Ms. Crawford owned and operated the Company. (ECF No. 1, ¶ 11, PageID #3.) Further, Plaintiffs declared that

Ms. Crawford "controlled the conditions" of their employment. (ECF No. 13-1, ¶ 2, PageID #70; ECF No. 13-2, ¶ 2, PageID #71, ECF No. 13-3, ¶ 2, PageID #72.)

**I.B.  FLSA Liability**

The Court takes the following allegations as true. The Company is an Ohio non-profit corporation licensed to transact business in the State of Ohio. (ECF No. 1, ¶ 10, PageID #3.) It operates business in Cuyahoga County, Ohio and does business of at least $500,000 a year. (*Id.*, ¶ 19, PageID #4.)

Plaintiff Scarbrough worked as a site manager for Defendants from March 8, 2021 through July 7, 2021. (ECF No. 1, ¶¶ 25 & 26, PageID #5.) Defendants hired Scarbrough at a rate of $17.50 per hour. (*Id.*, ¶ 27, PageID #5.) From June 26, 2021, through July 7, 2021, she worked a total of 58 hours. (*Id.*, ¶ 28, PageID #5.) Defendants failed to compensate her for those hours. (*Id.*, ¶ 28, PageID #5.)

Plaintiff Mosely worked as a teacher for Defendants from June 7, 2021, through July 2, 2021. (*Id.*, ¶¶ 34 & 35, PageID #6.) Defendants hired Mosley at a rate of $16.50 per hour. (*Id.*, ¶ 36 PageID #6.) During the final pay period of her employment, Mosley worked a total of 50 hours. (*Id.*, ¶ 37, PageID #6.) Defendants failed to compensate her for those hours. (*Id.*, ¶ 38, PageID #6.)

Similarly, Plaintiff Matthews worked as a non-exempt site manager for Defendants from June 21, 2021 through July 29, 2021. (*Id.*, ¶¶ 43 & 44, PageID #7.) Defendants hired Matthews at a rate of $17.50 per hour. (*Id.*, ¶ 45, PageID #7.) From June 28, 2021, through July 29, 2021, Matthews worked 72 hours. (*Id.*, ¶ 47, PageID #7.) Defendants failed to compensate her. (*Id.*)

4

Taking these allegations as true, Defendants are liable under the FLSA.  The Company is an enterprise under 29 U.S.C. § 203(r), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1), and Defendants willfully failed to pay Plaintiffs minimum wages for work performed.  29 U.S.C. § 206(a).

### I.C.    Liability under the Ohio Minimum Fair Wage Standards Act

The Ohio Minimum Fair Wage Standards Act parallels the FLSA; therefore, courts analyze both claims together under the same framework.  See *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 69 n.2 (6th Cir. 1997) (interpreting both statutes "in a unitary fashion" because they parallel each other).  Accordingly, the Court's finding of Defendants' liability under the FLSA applies equally to Defendants' liability under Ohio law.

## II.    Damages

Plaintiffs seek the following awards:  Plaintiff Scarbrough seeks $1,015 in back wages and $2,030 in liquidated damages; Plaintiff Mosley seeks $825 in back wages and $1,650 in liquidated damages; Plaintiff Matthews seeks $1,260 in back wages and $2,530 in liquidated damages.  Where a plaintiff alleges damages, the Court must discern whether the alleged damages are reasonable.  Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing" regarding damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009).  An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it.  *HICA Educ. Loan Corp. v. Jones*, No. 4:12-cv-00962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012).  In either instance, the moving party

must present some evidence to support of their claim, whether an affidavit or other documentary evidence. *Id.*

The Court determines that an evidentiary hearing is unnecessary. Plaintiffs' declarations constitute sufficient evidence on the record from which the Court can determine damages. *See Long*, 451 F. Supp. 3d at 833–34 (calculating FLSA damages on a motion for default judgment based on unopposed sworn declarations).

### II.A.  Back Wages

Under the FLSA, an employee who violates Section 206 is liable to the employees affected for their unpaid minimum wages. 29 U.S.C. § 216(b). "[A]n employee bringing . . . suit [under the FLSA] has the 'burden of proving he performed work for which he was not properly compensated.'" *Monroe FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946)). "Estimates may suffice under this standard because 'inaccuracy in damages should not bar recovery for violations of the FLSA or penalize employees for an employer's failure to keep adequate records.'" *Long v. Morgan*, 451 F. Supp. 3d 830, 833 (M.D. Tenn. 2020) (citing *Monroe*, 860 F.3d at 412). Further, "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes," an employee can carry his burden of proving damages by producing evidence that supports an inference of the amount owed. *Anderson*, 328 U.S. at 687–88. Absent a defendant's rebuttal of that inference, the court may award the approximated damages to the plaintiff. *See id.*

With these principles in mind, the Court finds that Plaintiffs are entitled to the amounts they seek in back wages.  Because Defendants have defaulted, the record is devoid of Plaintiffs' complete and accurate wage and time records.  However, the Court relies on Plaintiffs' declarations to support their claims that they were not compensated for certain hours that they worked.  Based on the Plaintiffs' regular hourly rates and uncompensated hours worked, the Court determines that Plaintiff Scarbrough's request for $1,015 in back wages, Plaintiff Mosley's request for $825, and Plaintiff Matthews' request for $1,260 are reasonable.

## II.B.  Liquidated Damages

Although liability under the FLSA and Ohio law use the same standards to determine liability, the laws provide different measures of liquidated damages.  The FLSA provides that an employee is entitled to liquidated damages in an amount equal to his or her unpaid minimum wages absent the defendant showing that the unlawful act or omission was reasonable or in good faith. 29 U.S.C. §§ 216(b) & 260.  In contrast, Ohio law provides than an employee is entitled to liquidated damages in an amount "two times the amount of back wages."  Ohio Rev. Code § 4111.14(J); Ohio Const., Art II. § 34a.  There is no good faith exception under Ohio law.  *See id.*

To the extent the Plaintiffs' allegations allow recovery under both State and federal law, the law providing for the greatest recovery will govern the calculation of damages.  *See E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002) (It "goes without saying that the courts can and should preclude double recovery by an individual.").  Plaintiffs contend that they are entitled to liquidated damages under

Ohio law, providing for double the amount of unpaid wages, rather than the FLSA, providing for an amount equal the amount of unpaid wages.  The Court agrees. Accordingly, Plaintiff Scarbrough is entitled to $2,530 in liquidated damages, Plaintiff Mosley to $1,650, and Plaintiff Matthew to $2,530.

*       *       *

The specific awards attributable to each of the three Plaintiffs are set forth below.

| Plaintiff | Regular Hourly Rate | Hours Worked | Back Pay | Ohio Liquidated Damages | Total |
|---|---|---|---|---|---|
| Bianca Scarbrough | $17.50 | 58 | $1,015 | $2,030 | $3,045 |
| Nichole Mosley | $16.50 | 50 | $825 | $1,650 | $2,475 |
| Taylor Matthews | $17.50 | 72 | $1,260 | $2,520 | $3,780 |
|  |  |  |  |  | $9,300 |

## III.  Attorney's Fees and Costs

Plaintiffs seek leave to file an application for attorney fees and costs.  (ECF No. 13, PageID #68.)  Both the FLSA and Ohio Law allow for a prevailing plaintiff to recover reasonable attorney's fees and costs.  29 U.S.C. § 216(b); Ohio Rev. Code § 4111.14; Ohio Const. Art. II, § 34a.  Accordingly, the Court **GRANTS** Plaintiffs' request and directs Plaintiffs to file a motion for attorneys' fees and costs within fourteen (14) days from the date of this Order.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for default judgement, **AWARDS** Plaintiffs collectively $9,300 in damages, with $3,045 to

8

Plaintiff Scarbrough, $2,475 to Plaintiff Mosley, and $3,780 to Plaintiff Matthews, and **ORDERS** Plaintiffs to file a motion for attorneys' fees and costs no later than April 11, 2022.

      **SO ORDERED.**

Dated:  March 28, 2022

_____

      J. Philip Calabrese
      United States District Judge
      Northern District of Ohio